**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTY G. MASSEUR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Civil Action No. 23-2129 (RCL) |

**DECLARATION OF OREN FAIRCLOTH, ESQ. IN SUPPORT OF**
**PLAINTIFFS' MOTION TO COMPEL**

I, **OREN FAIRCLOTH**, of full age, hereby state and declare as follows:

1. I am an attorney-at-law licensed and in good standing in the State of Connecticut. I am an attorney with the law firm of Siri & Glimstad LLP, counsel for Plaintiffs and the proposed FLSA Collective in this matter. As such, I have personal knowledge of the facts set forth herein.

2. I submit this declaration in support of Plaintiffs' Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure.

3. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' First Request for Production of Documents.

4. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' First Set of Interrogatories.

5. Attached hereto as Exhibit C is a true and correct copy of Defendant USPS's Responses and Objections to Plaintiffs' First Request for Production of Documents.

6. Attached hereto as Exhibit D is a true and correct copy of Defendant USPS's Responses and Objections to Plaintiffs' First Set of Interrogatories.

7. Attached hereto as Exhibit E is a true and correct copy of USPS's Supplemental Objections and Responses to Plaintiffs' First Request for Production.

8. Following an exchange of discovery demands on December 12, 2023, Plaintiffs identified significant deficiencies in Defendant's responses, prompting a letter detailing the deficiencies in USPS's production and responses and challenging USPS's objections. *See* January 31, 2024 Letter to Doug Dreier, Esq., ("Faircloth Discovery Letter"), attached hereto as Exhibit F.

9. On Monday, February 5, 2024, the parties met and conferred regarding outstanding discovery issues, including those raised in the Faircloth Discovery Letter. The parties also jointly requested that the Court stay the briefing deadlines for the conditional certification and summary judgment motions and to file a joint status report on March 29, 2024. *See* ECF No. 36 at 2. This Court granted the Parties' request for a stay on February 8, 2024. ECF No. 37.

10. In response to Plaintiffs' Request for Production No. 4, USPS produced only a July 2023 memorandum of law describing USPS's recently enacted lactation policy, Collective Bargaining Agreements with the major unions, and a "Reasonable Accommodation" requests handbook. USPS also produced a memorandum dated September 6, 2023, discussing guidance for nursing mothers in the workplace.

11. In response to Plaintiffs' Request for Production No. 5, USPS produced a single doctor's note from Plaintiff Masseur, but withheld broader responsive documents.

12. On March 1, 2024, USPS supplemented its production with an additional 14 pages of documents. The parties had a subsequent meet-and-confer call on March 7, 2024, to address Defendant's outstanding discovery. During that call, Defendant maintained that ESI discovery was not merited at this "phase" of discovery, and that discovery materials such as complaints,

grievances, or lactation accommodation requests are handled at the local level and as such would not be produced at this time.

13. By letter dated January 31, 2024, Plaintiffs narrowed Interrogatories Nos. 6 and 7 to the number of USPS employees who filed leave forms, focusing on a specific timeframe (December 1, 2021 – present) and geographic region (D.C., Virginia, Pennsylvania) to identify employees potentially impacted by USPS's deficient lactation policy. Despite this concession, USPS failed to produce any responsive documents, asserting that a manual review of such forms would be too burdensome. Defendant has failed, however, to set forth any information pertaining to the time or expense that would be required of such a search.

14. On March 27, 2024, USPS supplemented its production with an additional 165 pages of documents. The documents produced by USPS in its March 27, 2024 supplemental production include policies and materials purporting to demonstrate the dissemination of a lactation accommodation policy throughout USPS. Significantly, however, these materials postdate the filing of Plaintiffs' lawsuit. Plaintiffs continue to seek documents that predate the lawsuit and pertain to USPS's lactation accommodation policy in effect at that time.

15. Counsel for the parties have met and conferred in good faith in an attempt to resolve these outstanding discovery issues, and while the parties have amicably worked toward resolving these disputes, they have been unable to do so. As such, the parties require the Court's assistance with this matter and respectfully request that the Court enter an Order compelling Defendant to provide full and complete responses to Plaintiffs' discovery requests.

16. Plaintiffs have timely and fully responded to Defendant's discovery demands and no discovery is outstanding from Plaintiffs at this time.

17. Pursuant to Federal Rule of Civil Procedure 37(a)(1) I hereby certify that counsel for the movants have attempted to confer in good faith with counsel for Defendant over its failure to fully respond to Plaintiffs' First Set of Requests for Production of Documents and Amended Interrogatories. As discussed herein, counsel for Plaintiffs and Defendant attempted to reach a resolution regarding the responses and documents produced by Defendant but were unable to reach an agreement on several key requests as detailed in Plaintiffs' Memorandum of Law in Support of Motion to Compel. Counsel for Plaintiffs indicated to counsel for Defendant that they would proceed to file the Motion to Compel Discovery. I believe that continued efforts to meet-and-confer would be futile

Pursuant to 28 U.S.C. § 1746, and under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 28, 2024

*/s/ Oren Faircloth*
Oren Faircloth