# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTY G. MASSEUR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Civil Action No. 23-2129 (RCL)<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**TO:** **Douglas C. Dreier, Esq.**
**Assistant United States Attorney**
**601 D. Street, NW**
**Washington, D.C. 20530**
**(202) 252-2551**
**Douglas.Dreier@usdoj.gov**
***Attorneys for Defendant***

**PLEASE TAKE NOTICE** that, Siri & Glimstad LLP, attorneys for Plaintiffs, hereby demand that Defendant United States Postal Service ("USPS") produce the following documents within the time and manner prescribed the Court's December 5, 2023 Order (ECF No. 33) and Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rules.

Dated: December 12, 2023

SIRI & GLIMSTAD LLP

*/s/ Lisa R. Considine*
Lisa R. Considine (*pro hac vice*)
Oren Faircloth (*pro hac vice*)
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: lconsidine@sirillp.com
E: ofaircloth@sirillp.com

*Attorneys for Plaintiffs and the FLSA Collective*

**INSTRUCTIONS**

1. If Defendant determines that any Request calls for the production of privileged or work product materials, and Defendant seeks to assert such privilege, the Defendant is directed to set forth the following:

b. a statement of the basis for the claim of privilege, work product, attorney/client privilege, or other grounds for non-disclosure;
c. the reason for withholding the document and/or other information;
d. a description of the document, communication or other thing, including;

(1) the date of the document and/or communication;

(2) if a document, the number of pages, attachments, and appendices;

(3) if a document, the identity of its author or authors or other preparers, the identities of the persons and/or entities to whom such document was directed, the identities of all recipients of any or all copies of such documents, the custodian of the original, and of each copy of each such document;

(4) if a communication, the identity of each person who participated in the communication, the identity of each person who has knowledge of the communication, the identity of each and every person known to have overheard the communication; and

(5) the date and circumstances of the disclosure of the document or communication to any person.

2. If Defendant believes that any Request is overly broad or burdensome, it must respond or produce responsive documents and things to the extent that it is not overly broad or burdensome to do so, and object to the production of the remaining portion of responsive documents and things.

3. If the documents responsive to this Request for Production of Documents are voluminous, Defendant are asked to produce an index designed to guide the searcher to the documents responsive to each category of documents requested, or produce such documents in a

manner consistent with the Federal Rules of Civil Procedure and the Local Rules of the District Court for the District of New Jersey.

4. These Requests are continuing in nature and require that if Defendant obtains additional information called for by these Requests, Defendant must supplement its production as required by Federal Rule of Civil Procedure 26(e).

5. These Requests are to be construed by the Defendant as broadly as possible, such that the words "and" and "or" as used herein shall be construed as "and/or", so as to give each Request the broadest possible meaning. Each Request is to be construed without regard to any gender limitations with respect to the use of pronouns such as "his", "her" or "its".

6. Every Request which seeks "documents" includes but is not limited to electronic media and electronic data.

7. Unless otherwise stated, Defendant shall produce responsive documents for the period December 1, 2021 through the present.

**DEFINITIONS**

1. "Plaintiff Masseur" shall mean Plaintiff Christy G. Masseur, the named Plaintiff in this action.

2. "Plaintiff Allen" shall mean Plaintiff Taylor Allen, the named Plaintiff in this action.

3. "Plaintiff George" shall mean Plaintiff Melissa George, the named Plaintiff in this action.

4. "Plaintiffs" shall mean Plaintiff Masseur, Plaintiff Allen, and Plaintiff George, collectively.

5. “Defendant” or “USPS” or “You” shall mean United States Postal Service, and its subsidiaries, divisions, affiliates, predecessors, successors, present and former officers, directors, partners, principals, employees, representatives, agents, advisors, and all other individuals or entities acting or purporting to act on its behalf.

6. “Lactation Accommodations” shall mean any accommodation related to a nursing employee’s need or request to pump breast milk.

7. “Document” shall mean, consistent with the broadest possible meaning of the term as used in Federal Rule of Civil Procedure 34, a printed, typed, or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, including drafts and copies bearing notations and marks not found on the original, including, but not necessarily limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form, and shall include any Electronically Stored Information (“ESI”), as that phrase is used in Federal Rule of Civil Procedure 34.

8. “Communication” shall mean any transmission of information, regardless of medium.

9. “Concerning” or “Relating to” shall mean reflecting, referencing, regarding, relating to, discussing, describing, concerning, pertaining to, evidencing, containing, constituting, about, and shall be interpreted in their broadest sense.

10. “Or” and “and” means and/or and will be used interchangeably and should be construed so as to give any definition or subject matter the broadest possible meaning.

11. Every Request which seeks “documents” includes but is not limited to electronic media and electronic data.

## DOCUMENTS TO BE PRODUCED

1. All versions, including any drafts, of the July 13, 2023 Memorandum entitled “Postal Service Policy on Accommodation of Pregnant and Nursing Mothers” as described in the parties’ Joint Report Pursuant to Local Civil Rule 16.3(d) (ECF No. 32) and all documents related to its dissemination to USPS offices.

2. Any and all written policies, procedures, and or guidelines relating to Lactation Accommodations for the period January 1, 2009 to the present.

3. Any and all documents relating to employee complaints regarding Lactation Accommodations including, but not limited to, memoranda, emails, correspondence, reports, investigations, proceedings, disciplinary action taken against any USPS employee, or lawsuits against or involving USPS related to Lactation Accommodations.

4. Any and all documents relating to training materials, guidelines, policies, employee handbooks, or procedures related to the provision of Lactation Accommodations to employees.

5. Any and all documents relating to Lactation Accommodation requests received by USPS, and all responses thereto.

6. Any and all documents concerning the physical space to be provided to employees to pump breast milk at work.

7. Any and all documents regarding policies, practices, and/or guidelines concerning employee breaks.

8. Any and all documents concerning internal audits or investigations of USPS branch locations related to Lactation Accommodations.

9. Any and all documents relating to Plaintiff Christy G. Masseur, Plaintiff Allen Allen, and Plaintiff Melissa George, including but not limited to emails, correspondence, employee personnel files, disciplinary histories, Family and Medical Leave Act NALC Forms, and PS Form 3971.