# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTY G. MASSEUR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Civil Action No. 23-2129 (RCL) |

**DEFENDANT'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF REQUESTS FOR ADMISSIONS**

Defendant, United States Postal Service ("Postal Service" or "Defendant"), by and through undersigned counsel, hereby supplements its objections and responses to the Plaintiffs' First Request for Production of Documents Nos. 1 and 3–9 and First Set of Requests for Admissions Nos. 2–3.

Defendant's responses to Plaintiffs' interrogatories and requests do not constitute a waiver of any objections that Defendant may have as to admissibility, authenticity, or relevance of any documents or information provided. Defendant reserves all objections regarding the relevance, materiality, admissibility, privilege, or competency of all documents and information provided in response to these interrogatories and requests as evidence in any later proceeding or trial of this action.

## GENERAL OBJECTIONS

With respect to the Interrogatories, Requests for Admissions, and Request for Production of Documents propounded by Plaintiffs, Defendant asserts the following general objections:

1. Defendant objects to the interrogatories and requests, to include Plaintiffs' Instructions and Definitions, to the extent they seek to impose any obligations greater than or in conflict with those established by law, the rules of this Court, the Federal Rules of Civil Procedure, and/or orders entered by the Court or agreed to by the parties in this case.

2. Defendant objects to the interrogatories and requests to the extent they call for information that is outside of Defendant's knowledge, custody, possession, or control, or that is a matter of public record.

3. Defendant objects to the interrogatories and requests insofar as they seek disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity (collectively, "Privileged Information"). All interrogatories and requests have been read specifically to exclude any such information. Any inadvertent production of Privileged Information shall not be deemed a waiver of the applicable privilege or this objection.

4. Defendant objects to the interrogatories and requests to the extent they seek the disclosure of material impinging on the privacy interests of Defendant's personnel.

5. Defendant objects to the interrogatories and requests to the extent they seek information that is unreasonably cumulative or duplicative, is equally available to Plaintiffs, including in documents previously produced and information provided by Defendant to Plaintiffs, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

6. Defendant objects to the interrogatories and requests on the grounds of overbreadth and undue burden and to the extent they seek information that is not obtainable through a reasonably diligent search by Defendant.

7. Defendant objects to the interrogatories and requests to the extent they seek information that is not relevant to the subject matter of the pending action, exceeds the scope of permissible discovery, or is not proportional to the needs of the case.

8. Defendant objects to the interrogatories and requests to the extent they seek to obtain from Defendant information equally or more readily available to Plaintiff.

9. Defendant objects to the interrogatories and requests to the extent they refer to undefined terms or terms to which the parties have attributed different and contrary meanings over time.

10. Defendant objects to the interrogatories and requests to the extent that they exceed the scope of permissible discovery, as limited by the Court's Scheduling Order (ECF No. 33). The Court has bifurcated and limited discovery in this action.

11. Defendant objects to each and every use by Plaintiffs of the term "Lactation Accommodations" in the interrogatories and requests, as the term is vague, ambiguous, legally conclusory, compound, and phrased in a fashion that is not readily comprehensible or subject to a coherent response by Postal Service, unfairly leaving the Postal Service to speculate as to the intended meaning of the term or the information sought by each interrogatory and/or request employing the term. For purposes of its responses to Plaintiffs' interrogatories and requests, the Postal Service interprets "Lactation Accommodations" to mean those reasonable accommodations that may be available to employees under the PUMP Act.

Without waiving or prejudicing the foregoing objections, Defendant reserves its right to supplement or amend the responses to any of the interrogatories or requests should it become aware of additional information or documents.

**SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION NOS. 1 AND 3–9**

**1. All versions, including any drafts, of the July 13, 2023 Memorandum entitled "Postal Service Policy on Accommodation of Pregnant and Nursing Mothers" as described in the parties' Joint Report Pursuant to Local Civil Rule 16.3(d) (ECF No. 32) and all documents related to its dissemination to USPS offices.**

**Response:** The Postal Service incorporates General Objection Nos. 1, 3, 6, 7, 9 ("all versions" and "related to"), and 10. The Postal Service objects to this request to the extent it calls for the production of documents that are protected from disclosure under the attorney-client privilege, the work product doctrine, and the deliberative process privilege.

Subject to and without waiving the foregoing and general and specific objections above, see the July 13, 2023 Memorandum Postal Policy on Accommodation of Pregnant and Nursing Mothers produced herewith as documents Bates numbered 00002-00003.

**Supplemental Response:** The Postal Service refers to the disseminating email(s) produced herewith as document Bates numbered 001497. The email was redacted for Attorney-Client privilege: Deborah M. Levine, Esq., and WestPac Human Resources Manager James Davey (August 15, 2023).

**3. Any and all documents relating to employee complaints regarding Lactation Accommodations including, but not limited to, memoranda, emails, correspondence, reports, investigations, proceedings, disciplinary action taken against any USPS employee, or lawsuits against or involving USPS related to Lactation Accommodations.**

**Response:** The Postal Service incorporates General Objection Nos. 1, 3, 4, 6, 7, 9 ("relating to employee complaints"), 10, and 11. The Postal Service objects to this request as not reasonably limited in time or geographical scope, and because it purports to seek information

regarding all Postal Service employees nationwide. Accordingly, this request exceeds the scope of discovery set forth in the Court's December 1, 2023 Order and the parties' November 28, 2023 Meet and Confer Report, and seeks information that is neither relevant to the claims at issue in this matter nor proportional to the needs of this case. The Postal Service further objects to this request because it is not reasonably limited to employees whose circumstances were similar to Plaintiffs' allegations in the Complaint, and to the extent it seeks confidential personal and personnel information regarding third persons who are not parties to this lawsuit and whose information is wholly irrelevant to Plaintiffs' claims. The Postal Service further objects to the term "complaints regarding Lactation Accommodations," as set forth in the foregoing general objections, as it assumes the truth of facts in dispute.

Subject to and without waiving the foregoing and general and specific objections above, and limiting its response to "complaints regarding Lactation Accommodations" made by Plaintiffs Christy Masseur, Taylor Allen, and Melissa George from 2021 to the present, the Postal Service states that it has no responsive documents other than the Plaintiffs' Complaint in this lawsuit.

**Supplemental Response:** The Postal Service confirms that it has not withheld any otherwise responsive documents based on a confidentiality objection. The Postal Service confirms that this is the only lawsuit against or involving the Postal Service related to Lactation Accommodations. The Postal Service further confirms that it has now conducted email searches for Plaintiffs Masseur, Allen, and George from December 1, 2021, to February 4, 2023, and did not identify any responsive records.

**4. Any and all documents relating to training materials, guidelines, policies, employee handbooks, or procedures related to the provision of Lactation Accommodations to employees.**

**<u>Response</u>:** The Postal Service incorporates General Objection Nos. 1, 3, 5, 6, 7, 9 ("relating to"), 10, and 11. The Postal Service objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as the Postal Service has hundreds of written rules, guidelines, policies, and/or procedures that apply to its employees. The Postal Service further objects to this request to the extent it is duplicative of Request No. 2, above. The Postal Service further objects to the term "Lactation Accommodations," as set forth in the foregoing general objections, and which the Postal Service interprets to mean those reasonable accommodations to which a breastfeeding employee may be entitled under the PUMP Act.

Subject to and without waiving the foregoing and general and specific objections above, see the Postal Service's response to Request No. 2 above.

**<u>Supplemental Response</u>:** The Postal Service confirms that it has not withheld any otherwise responsive documents based on a confidentiality objection. The Postal Service further refers to its Supplemental Response to Request No. 1 above.

**5. Any and all documents relating to Lactation Accommodation requests received by USPS, and all responses thereto.**

**<u>Response</u>:** The Postal Service incorporates General Objection Nos. 1, 3, 4, 6, 7, 9 ("relating to," "requests received by USPS"), 10, and 11. The Postal Service objects to this request as not reasonably limited in time or geographical scope, and because it purports to seek information regarding all Postal Service employees and facilities nationwide. Accordingly, this request exceeds the scope of discovery set forth in the Court's December 1, 2023 Order and the parties' November 28, 2023 Meet and Confer Report, and seeks information that is neither relevant to the claims at issue in this matter nor proportional to the needs of this case. The Postal Service further

objects to this request because it is not reasonably limited to employees whose circumstances were similar to Plaintiffs' allegations in the Complaint, and to the extent it seeks confidential personal and personnel information regarding third persons who are not parties to this lawsuit and whose information is wholly irrelevant to Plaintiffs' claims. The Postal Service further objects to the term "complaints regarding Lactation Accommodations," as set forth in the foregoing general objections, as it assumes the truth of facts in dispute.

Subject to and without waiving the foregoing and general and specific objections above, and limiting its response to "Lactation Accommodation requests" made by Plaintiffs Christy Masseur, Taylor Allen, and Melissa George from 2021 to the present, the Postal Service refers to the document dated November 15, 2022, from George Regional Health System, Obstetrics & Gynecology Associates, produced herewith as document Bates numbered 001095.

**Supplemental Response:** The Postal Service confirms that it has not withheld any otherwise responsive documents based on a confidentiality objection. The Postal Service further confirms that it has conducted email searches for Plaintiffs Masseur, Allen, and George from December 1, 2021, to February 4, 2023, and refers to the documents produced herewith as documents Bates numbered 001498-001511. Attorney-client redacted email 001506, between Deborah M. Levine, Esq., and Manager Finch, dated August 16, 2023, and Attorney-client email, 001510-001511, between Deborah M. Levine, Esq., and OHNA Benjamin Campbell, dated August 10, 2023.

**6. Any and all documents concerning the physical space to be provided to employees to pump breast milk at work.**

**Response:** The Postal Service incorporates General Objection Nos. 1, 4, 6, 7, 9 ("concerning," "employees"), 10, and 11. The Postal Service objects to this request as not

reasonably limited in time or geographical scope, and because it purports to seek information regarding all Postal Service employees and facilities nationwide. Accordingly, this request exceeds the scope of discovery set forth in the Court's December 1, 2023 Order and the parties' November 28, 2023 Meet and Confer Report, and seeks information that is neither relevant to the claims at issue in this matter nor proportional to the needs of this case. The Postal Service further objects to this request because it is not reasonably limited to employees whose circumstances were similar to Plaintiffs' allegations in the Complaint, and to the extent it seeks confidential personal and personnel information regarding third persons who are not parties to this lawsuit and whose information is wholly irrelevant to Plaintiffs' claims.

Subject to and without waiving the foregoing and general objections, and limiting its response to Plaintiffs Christy Masseur, Taylor Allen, and Melissa George from 2021 to the present, the Postal Service refers Plaintiffs to its Answers to Interrogatory Nos. 1–5 above, and documents Bates numbered 001101-001105.

**Supplemental Response:** The Postal Service confirms that it has not withheld any otherwise responsive documents based on a confidentiality objection. The Postal Service further confirms that it has conducted email searches for Plaintiffs Masseur, Allen, and George from December 1, 2021, to February 4, 2023, and refers to the documents produced herewith as documents Bates numbered 001498-001511. (*See* Supplemental Response #5 for information regarding redactions.) The Postal Service confirms that the information redacted at Bates-numbers 001101–02 are attorney-client communications between Deborah M. Levine Esq., and Manager Finch, dated August 10, 2023, and that it redacted this information pursuant to the attorney-client privilege.

**7. ~~Any and all documents regarding policies, practices, and/or guidelines concerning employee breaks.~~ AMENDED: Any and all documents regarding policies, practices, and/or guidelines concerning employee lactation breaks.**

**<u>Response</u>:** The Postal Service incorporates General Objection Nos. 1, 3, 6, 7, 9 (“regarding,” “concerning,” “employee breaks”), and 10. The Postal Service objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as the Postal Service has hundreds of written rules, guidelines, policies, and/or procedures that apply to its employees, including on other types of breaks that have nothing to do with the issues in dispute. The Postal Service further objects to this request it is not reasonably limited in time, and therefore calls for information that is not relevant to Plaintiffs’ claims, which purport to have arisen from 2021 to the present under the PUMP Act.

Subject to and without waiving the foregoing and general objections, and limiting its response to Plaintiffs Christy Masseur, Taylor Allen, and Melissa George during the period 2021 to the present, the Postal Service refers to the Collective Bargaining Agreement between the Postal Service and the National Association of Letter Carriers, Bates 001117-001424 and the Collective Bargaining Agreement between the Postal Service and the American Postal Workers Union, Bates 000113-000667 and EL-307, Bates 000017-000110.

**<u>Supplemental Response</u>:** The Postal Service refers to its Response and Supplemental Response to Request No. 1 above.

**8. Any and all documents concerning internal audits or investigations of USPS branch locations related to Lactation Accommodations.**

**<u>Response</u>:** The Postal Service incorporates General Objection Nos. 1, 3, 4, 6, 7, 9 (“concerning”), 10, and 11. The Postal Service objects to this request as not reasonably limited in

time or geographical scope, and because it purports to seek information regarding all Postal Service employees and facilities nationwide. Accordingly, this request exceeds the scope of discovery set forth in the Court's December 1, 2023 Order and the parties' November 28, 2023 Meet and Confer Report, and seeks information that is neither relevant to the claims at issue in this matter nor proportional to the needs of this case. The Postal Service further objects to this request because it is not reasonably limited to employees whose circumstances were similar to Plaintiffs' allegations in the Complaint, and to the extent it seeks confidential personal and personnel information regarding third persons who are not parties to this lawsuit and whose information is wholly irrelevant to Plaintiffs' claims. The Postal Service further objects to the term "Lactation Accommodations," as set forth in the foregoing general objections, and which the Postal Service interprets to mean those reasonable accommodations to which a breastfeeding employee may be entitled under the PUMP Act.

Subject to and without waiving the foregoing and general and specific objections above, and limiting its response to Plaintiffs Christy Masseur, Taylor Allen, and Melissa George during the period 2021 to the present, the Postal Service states that it has no documents responsive to this request.

**Supplemental Response:** The Postal Service confirms that it has not withheld any otherwise responsive documents based on a confidentiality objection.

**9. Any and all documents relating to Plaintiff Christy G. Masseur, Plaintiff Allen Allen [*sic*], and Plaintiff Melissa George, including but not limited to emails, correspondence, employee personnel files, disciplinary histories, Family and Medical Leave Act NALC Forms, and PS Form 3971.**

**Response:** The Postal Service incorporates General Objection Nos. 1, 3, 5, 6, 7, 8, 9 ("relating to"), and 10. The Postal Service objects to this request on the grounds that it is overly broad, not sufficiently limited in time or scope, unduly burdensome, and oppressive. The Postal Service further objects to this request on the basis that it calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible information. The Postal Service further objects to this request to the extent that it seeks information not relevant to Plaintiffs' claims that they were denied lactation-related accommodations under the PUMP Act. The Postal Service further objects to this request because it calls for a collection and review of electronically stored information ("ESI") that is not proportional to the needs of this case. The Postal Service objects to the terms "any and all documents . . . including but not limited to emails, correspondence" as vague and ambiguous such that they fail to identify with reasonable particularity the documents or categories of documents requested, and because the request fails to specify the custodians from whom documents are sought, the relevant date range(s), and the terms which should be used to search for documents, other than Plaintiffs' names. The Postal Service further objects that any ESI search is not warranted in the initial phase of discovery, as discovery has been bifurcated.

Subject to and without waiving the foregoing and general and specific objections above, the Postal Service refers to documents Bates numbered 000980-001116 relating to Plaintiff Christy Masseur 000673-000856, relating to Plaintiff Taylor Allen, and 000857-000979 relating to Plaintiff Melissa George.

**Supplemental Response:** The Postal Service confirms that it has not withheld any otherwise responsive documents based on a confidentiality objection. The Postal Service further confirms that it has conducted email searches for Plaintiffs Masseur, Allen, and George from

December 1. 2021, to February 4, 2023, and refers to the documents produced herewith as documents Bates numbered 001497-001511. (See above supplemental Response #5 for redacted information regarding produced emails.) In addition, the Postal Service refers to documents Bates numbered 001425-001496, which were produced on January 19, 2024.

**SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS NOS. 2–3**

**2. Admit that USPS knew it had to provide a private, sanitary, non-bathroom space for Lactation Accommodations as of March 24, 2010.**

**Response:** The Postal Service objects to this request as not reasonably limited in time scope and not relevant to Plaintiffs' claims, which purport to arise more than a decade *after* March 24, 2010, under the PUMP Act. Accordingly, this request exceeds the scope of discovery set forth in the Court's December 1, 2023 Order and the parties' November 28, 2023 Meet and Confer Report, and seeks information that is not proportional to the needs of this case. The Postal Service further objects to the term "Lactation Accommodation," as set forth in the foregoing general objections, and which the Postal Service interprets to mean those reasonable accommodations to which a breastfeeding employee may be entitled under the PUMP Act. The Postal Service objects to this request insofar as Plaintiff has used the request to attempt to obtain an admission as to an assumed legal conclusion.

Subject to and without waiving the foregoing and specific objections above, the Postal Service admits that it has been aware of applicable legal obligations at all relevant times.

**Supplemental Response:** The Postal Service objects to this request as attempting to obtain an admission on a conclusion of law, not fact. The Postal Service reiterates that it admits that it has been aware of applicable legal obligations at all relevant times, but the meaning of its legal obligations is a matter to be resolved by the Court, not through a request for admission.

**3. Admit that USPS received at least ten (10) requests for Lactation Accommodation from March 24, 2010 to the present.**

**__Response__:** The Postal Service objects to this request as not reasonably limited in time or geographical scope and not relevant to Plaintiffs' claims, which purport to arise more than a decade *after* March 24, 2010, under the PUMP Act. The Postal Service further objects to this request because it purports to seek information regarding all Postal Service employees and facilities nationwide and is not reasonably limited to employees whose circumstances were similar to Plaintiffs' allegations in the Complaint, and to the extent it seeks confidential personal and personnel information regarding third persons who are not parties to this lawsuit and whose information is wholly irrelevant to Plaintiffs' claims. Accordingly, this request exceeds the scope of discovery set forth in the Court's December 1, 2023 Order and the parties' November 28, 2023 Meet and Confer Report and seeks information that is neither relevant to the claims at issue in this matter nor proportional to the needs of this case. Finally, the Postal Service objects to this request because the number of requests for accommodation over the course of a decade in an organization of more than 600,000 employees is wholly immaterial to the Plaintiffs' claims, and in any event, is not collected or maintained in a single repository, as these sorts of requests are routinely granted at a local level.

Subject to and without waiving the foregoing and specific objections above, and limiting its response to the facilities where Plaintiffs are or were employed following the effective date of the PUMP Act, the Postal Service denies this request.

**__Supplemental Response__:** The Postal Service is not presently aware of ten (or more) requests for lactation accommodations, organization-wide, between March 24, 2010, and the present. As the Postal Service has repeatedly explained, information relating to requests for

lactation accommodations, if any, would be kept, if at all, on the local level at individual facilities. Even assuming any such requests had been made, depending on the manner of conveyance, there may be no documentation of requests, and the involved individuals, over the course of approximately fourteen years, may no longer be employed by the Postal Service. The Postal Service denies that there have been ten or more requests for lactation accommodation that have been elevated beyond the local level from March 24, 2010, to the present.

Dated: March 1, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER
D.C. Bar #1020234
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2551

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2024, I caused a copy of Defendant's responses to Plaintiff's initial phase discovery requests to be served upon Plaintiffs through their counsel by email.

/s/ *Douglas C. Dreier*
DOUGLAS C. DREIER