# EXHIBIT F

Siri | Glimstad

NEW YORK | LOS ANGELES | MIAMI
PHOENIX | DETROIT | DENVER | AUSTIN

200 Park Avenue, 17th Floor, New York, NY 10166
sirillp.com | P: (212) 532-1091 | F: (646) 417-5967

**VIA EMAIL** January 31, 2024

Douglas C. Dreier
Assistant U.S. Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-2551
Douglas.Dreier@usdoj.gov

***Re: Masseur et al. v. USPS***
***Civil Action No.: 23-2129 (RCL)***

Dear Doug:

This firm represents Plaintiffs in this matter. We write regarding Defendant USPS's responses to Plaintiffs' discovery demands and USPS's document production. We have reviewed the materials and identified several deficiencies that require immediate attention, as outlined in detail below:

**Missing Drafts of Memoranda**

Our discovery requests, specifically **Request for Production ("RFP") No. 1** (see also the definition of "Documents"), explicitly sought all drafts of "Postal Service Policy on Accommodation of Pregnant and Nursing Mothers." We have not received any such drafts, iterations, or revisions, which are crucial for understanding the deliberative process of this memorandum and are directly relevant to Plaintiff's claims that USPS lacked any policies regarding such accommodations. Please immediately produce all drafts of this and any other memorandum produced.

**USPS' Failure to Produce Any Communications**

Further to our previous concern regarding the deficiencies in production relating to the drafts of the memoranda, we are particularly troubled by the complete absence of communications surrounding the production and dissemination of the memoranda or of any of USPS's lactation policies. **See RFP Nos. 3-9.** These omissions raise serious questions about the transparency and completeness of USPS's discovery efforts. Communications related to memoranda and lactation policies concerning the named Plaintiffs and company-wide policies are directly relevant to the allegations that USPS lacked any meaningful policy on lactation accommodations and/or USPS's failure to provide those policies. Furthermore, to the extent Defendants assert a claim of privilege

with respect to these documents, Defendant should produce redacted versions of those documents with an appropriate privilege log.

**USPS's Refusal to Provide Discovery Related to Collective Action Allegations**

Defendant has objected to Plaintiffs' **Interrogatories ("Rogs") Nos. 6-9, RFP Nos. 3-6 and 8** and **RFA No. 3** on the grounds that the information sought is purportedly disproportionate to the needs of this case. These requests seek information related to written policies, complaints, accommodation responses, facility details, and employee leave forms directly related to Plaintiffs' claims challenging USPS's policies regarding lactation accommodation (or lack thereof). They are neither excessive nor beyond the scope established by the Scheduling Order and the categories of information identified as relevant by Plaintiffs in the Meet and Confer Report. The information sought is directly related to this phase of discovery, which is limited to discovery pertaining to the collective action allegations. Plaintiffs' request for USPS's company-wide policies and practices regarding lactation accommodations is directly relevant to the issue of collective action certification, and we fail to see how our requests, limited to those policies and practices, could be considered disproportionate during this phase of discovery.

Similarly, Defendant's objections to Plaintiffs' Interrogatories concerning USPS's complaint processes, internal procedures, and accommodation actions lack merit. These questions are pertinent to the case's core issues, and USPS cannot avoid disclosure under the guise of proportionality.

Additionally, Defendant's limitation on its response to **RFA No. 3, RFP Nos. 3, 5-8, and Rogs Nos. 6-9** to only Plaintiffs' and/or only those USPS facilities at which Plaintiffs were employed is improper and unfounded. Defendants' reliance on the Court's December 1, 2023 Scheduling Order (ECF No. 33) ("Scheduling Order") is unfounded, as both the Court's Scheduling Order and Meet and Confer Report specifically contemplate discovery related to the collective action allegations in this matter.

Finally, regarding **RFA No. 3**, Plaintiff has requested that Defendant admits that it has received at least ten requests for Lactation Accommodations from March 24, 2010 to the present. Defendant has objected on the basis that it is not reasonably limited to employees whose circumstances were similar to Plaintiffs' allegations in the Complaint. This objection is not well-founded given that Plaintiffs have alleged that they requested lactation accommodations and that the RFA requests the number of lactation accommodations received.

**USPS's Refusal to Produce Information on the Basis of Confidentiality**

Defendant objects to Plaintiffs' **Rogs Nos. 6-9, RFP Nos. 3-6 and 8, and Request for Admission ("RFA") No. 3,** on the grounds that the information sought pertains to employees that are not the named Plaintiffs in this matter and is therefore confidential. This objection is without merit. The Stipulated Protective Order entered in this matter specifically and adequately protects this information from public disclosure while still allowing for such discovery. Defendant cannot limit their responses based on claims of confidentiality for information relevant to our collective action claims.

**USPS's Refusal to Collect and Review ESI**

USPS has objected to Plaintiffs' **RFP No. 9** "because it calls for a collection and review of electronically stored information ('ESI') that is not proportional to the needs of this case." USPS further posits that ESI searches are "not warranted in the initial phase of discovery." This is wholly without merit. Discovery was bifurcated into two phases – discovery pertaining to the collective action allegations and discovery related to the merits. Nowhere in the Court's Scheduling Order, Section II, have the parties been alleviated of their obligation to collect and review ESI that is directly responsive to discovery demands. Refusing to conduct ESI searches simply because we are in "the initial phase of discovery" is baseless, creates unnecessary delays, hinders efficient discovery, and prejudices Plaintiffs.

Moreover, the argument that ESI searches are not warranted in the initial phase due to proportionality concerns is simply unfounded. The Federal Rules mandate proportionality in discovery, but this applies to the scope and burden of the entire discovery process, not just specific categories of information like ESI. Simply labeling all ESI searches as disproportionate in the initial phase of discovery is a blanket objection that wholly lacks merit.

**Redacted Information with No Description**

The documents bearing Bates-numbers 0001101–1102 contain redactions. We require a privilege log describing the withheld documents in sufficient detail to enable us to assess the claim of privilege. With this, we can determine the basis for withholding certain documents and evaluate the merits of your privilege claims.

**USPS's Unilateral Temporal Limitation**

USPS has objected to **RFA Nos. 2 and 3** on the grounds that they seek information prior to December 29, 2021. USPS bases this objection on the Court's Scheduling Order and the parties' November 28, 2023, Meet and Confer report – neither of which contain any temporal limitation on discovery sought. RFA Nos. 2 and 3 seek information pertaining to the actions USPS has taken since the enactment of the Break Time for Nursing Mothers Act, which became effective on March 24, 2010, to accommodate lactating mothers in the workplace and directly pertains to Plaintiffs' allegations that USPS failed to institute any policies or procedures relating thereto.

USPS has also objected to **Rog Nos. 3, 4, 5, and 9** on the basis that they are not reasonably limited in time. Again, USPS bases this objection on the Court's Scheduling Order and the parties' November 28, 2023, Meet and Confer report – neither containing any temporal limitation on discovery sought. To the extent there were policies and procedures in place before December 1, 2021 – the unilateral date selected by USPS in answering these Interrogatories – please identify and explain those policies.

**Plaintiffs' Amended Discovery Demands**

In reviewing Defendants' objections to Plaintiffs' discovery demands, Plaintiffs propose amending certain discovery demands as follows:

**RFP No. 7: Any and all documents regarding policies, practices, and/or guidelines concerning employee lactation breaks.**

By limiting this request to lactation breaks, we believe we have addressed your objection that the request was overbroad, as the USPS has "hundreds of written rules, guidelines, policies and/or procedures" that apply to employee breaks.

**Rog No. 6: Identify the total number of employees of USPS that submitted a Family and Medical Leave Act NALC Form 1 from December 1, 2021, through the present date where "Pregnancy" is selected in response to Question No. 1 for the geographic regions of the District of Columbia, Virginia, and Pennsylvania.**

**Rog No. 7: Identify the total number of employees of USPS that submitted a Family and Medical Leave Act NALC Form 6 from December 1, 2021, through the date of the search for the geographic regions of the District of Columbia, Virginia, and Pennsylvania.**

By limiting these requests to a select geographic region, we have addressed your objection that the interrogatory is not limited in geographical scope. However, your objection that the Interrogatories seek information beyond the scope of discovery outlined in the Court's Scheduling Order is unfounded. The Court's Order does not limit discovery in geographic scope. Instead, it permits discovery that relates to the collective nature of this action, which includes discovery into USPS's practices and documents relating to all Postal Service Employees. The discovery sought is directly relevant to Plaintiffs' allegations regarding the collective nature of this action and USPS's defenses.

* * *

As discussed herein, USPS’s refusal to produce the information sought by Plaintiffs is contrary to the Court’s Scheduling Order pertaining to this phase of discovery and meritless given the Stipulated Protective Order entered in this matter. Please let us know your availability to meet and confer to address these matters on **Monday, February 5, 2024.** We look forward to speaking with you to resolve these issues in a timely manner.

Very truly yours,

*/s/ Oren Faircloth*
Oren Faircloth, Esq.